UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN HYPPOLITE,

    Plaintiff,

        vs.                                    No. 3:11cv588(WIG)

DANIEL COLLINS, et al.,

    Defendants.
_____X


**<u>RULING ON PLAINTIFF'S MOTIONS *IN LIMINE* [#74, 76]</u>**

      Plaintiff Steven Hyppolite brings this action against the City of Norwich, the Norwich Police Department, and Officers Collins and Grispino under 42 U.S.C. §§ 1983 and 1985 for damages he allegedly sustained in connection with an incident occurring on November 9, 2010. Plaintiff brings claims for excessive force, unlawful detention, unreasonable search, and conspiracy to violate his civil rights. Now before the Court are two motions *in limine* filed by Plaintiff to preclude the introduction of evidence at trial. For the following reasons, Plaintiff's motion *in limine* regarding Plaintiff's criminal history [Doc. # 74] is GRANTED and Plaintiff's motion *in limine* regarding Plaintiff's child support liens and arrears [Doc. # 76] is GRANTED.

      **A.**     **Motion *in limine* Regarding Plaintiff's Criminal History**

      Plaintiff seeks to preclude evidence pertaining to his criminal history on the grounds that it is irrelevant, is unduly prejudicial, and will likely mislead and confuse the jury. Additionally, Plaintiff maintains that the evidence should not be admissible for impeachment purposes.

      Pursuant to the Federal Rules of Evidence, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the

1

fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. In addition, even relevant evidence can be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Plaintiff's prior convictions are not relevant to his claims under sections 1983 and 1985 that Defendants violated his civil rights. The Defendant police officers both testified that they did not know who Plaintiff was, or of his past interactions with police, at the time on the November 9, 2010 incident. *See* Pl's Mot. at 9-10. An excessive force action is governed by the Fourth Amendment's reasonableness standard: "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (U.S. 1989). Whether a particular use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* Therefore, evidence pertaining to Plaintiff's criminal history, which was not known to the Defendant officers at the time of the encounter, is not relevant. According, such evidence should be precluded.

Likewise, Plaintiff's criminal history should not be admissible for impeachment purposes under Rule 609 of the Federal Rules of Evidence. Rule 609 pertains to attacking a witness's character for truthfulness with the use of evidence of a criminal conviction. For felony convictions, the evidence of conviction "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1). Further,

"for *any crime* regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--*a dishonest act or false statement*. Fed. R. Evid. 609(a)(2) (emphasis added). The Rule goes on: "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

1. Convictions occurring more than ten years ago

A period of more than ten years has passed since the dates of all but three of Plaintiff's convictions. The probative value of evidence of these convictions does not substantially outweigh its prejudicial effect. *See* Fed. R. Evid. 609(b). Therefore, this evidence shall be excluded. *See United States v. Vereen*, No. 3:99CR 279 (CFD), 2000 WL 490740, at *6 (D. Conn. Mar. 2, 2000) (holding that evidence of convictions more than ten years old could not be used for impeachment purposes under Rule 609).

2. Prosecutions not resulting in convictions and arrests not resulting in charges

Arrests generally are not admissible under Rule 609. *See Roguz v. Walsh*, No. 09-1052(TLM), 2013 WL 1498126, at *4 (D. Conn. April 5, 2013). *See also Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness."). In addition, where, as here, there is "no allegation that the arresting officers were aware of [Plaintiff's] arrest history," such arrest evidence is irrelevant under the Federal Rules of Evidence. *Nibbs v. Goulart*, 822 F.Supp.2d

339, 345 (S.D.N.Y. 2011) (excluding arrest history of plaintiff).  Accordingly, this evidence shall be precluded.

### 3. Remaining misdemeanor violations

For Plaintiff's remaining convictions, Rule 609 requires evidence of them to be admitted if the crimes involve a dishonest act or false statement on the part of the Plaintiff.  Plaintiff was convicted of violation of probation on February 26, 2009 and on May 17, 2011.  A violation of probation does not constitute a dishonest act or false statement.  *See United States v. Montrose*, 15 F. App'x 89, 90 (4th Cir. 2001) (holding the district court did not abuse its discretion in finding no dishonesty was involved in the witness's violation of probation); *United States v. Brown*, 927 F.2d 406, 408 (8th Cir. 1991) (Rule 609 "bears little or no relation to prior arrests, pending indictments, plea agreements, and probation violations").

Further, Plaintiff was convicted of second degree assault on May 17, 2011.  Convictions for violent crimes "frequently have considerably lower probative value since they generally do not arise out of dishonest conduct."  *Wilson v. Deluca*, No. 9:11-cv-0030 (MAD/RFT), 2014 WL 3778579, at *3 (N.D.N.Y. July 31, 2014).  Thus, this conviction does not constitute a dishonest act or false statement.

The Court find that the remaining convictions, threatening on October 25, 2005, and unlawful restraint and interference with an officer/resisting arrest on February 26, 2009, do not constitute a dishonest act or false statement such that the evidence must be admitted under Rule 609.

Finally, given the nature of these convictions, the Court further finds that any probative value this evidence would provide is not substantially outweighed its prejudicial effect.  *See* Fed.

R. Evid. 609(b). Accordingly, the Court grants Plaintiff's motion to preclude evidence of Plaintiff's criminal history.

        4.    Defendants' Contentions

Defendants maintain that evidence of Plaintiff's prior incidents with the Norwich Police Department should be admissible to show a pattern of behavior: that Plaintiff acts aggressively each time he is confronted by police. For the reasons discussed above, the Court finds that evidence of Plaintiff's prior offenses is unfairly prejudicial. However, should Plaintiff open the door on direct or cross examination as to his prior interactions with the Norwich Police Department, whether testifying on liability or damages issues, evidence of these prior incidents may be admitted.

    **B.**    **Motion *in limine* Regarding Plaintiff's Child Support Liens and Arrears**

Plaintiff also asks this Court to preclude Defendants from presenting any evidence regarding Plaintiff's pending child support liens or arrears on the grounds this this evidence is irrelevant and is not admissible for impeachment purposes. The Court agrees. Any evidence pertaining to Plaintiff's child support liens or arrears is not relevant to his civil rights case, and would significantly prejudice the jury. *See Nibbs*, 822 F.Supp.2d at 346 (precluding evidence of child support obligations because of risk of significant prejudice); *Montgomery v. NLR Co.*, No. 2:05-cv-251, 2007 WL 3171961, at *2 (D. Vt. Oct. 26, 2007) (excluding evidence of plaintiff's failure to make child support payments on grounds that such evidence was "clearly irrelevant," and introducing it would be "highly prejudicial"). The Court therefore grants Plaintiff's motion to preclude evidence of Plaintiff's child support liens or arrears.

SO ORDERED, this  21st  day of January, 2015 at Bridgeport, Connecticut.

                                                 /s/ *William I. Garfinkel*
                                                WILLIAM I. GARFINKEL
                                                United States Magistrate Judge